## HENRY H. FOSTER *vs.* INHABITANTS OF DIXFIELD.

Where evidence has been introduced *tending to prove* all the points required by law to be proved, in order to maintain the action, although circumstantial in its character, and by way of inference from facts proved, a nonsuit ought not to be ordered, but the case should be submitted to the determination of the jury.

In an action against a town for an injury alleged to have been sustained by reason of a defect in a bridge, if the party injured *be bound to prove affirmatively* due care on his part which may well be doubted, yet direct and positive proof is not essential, but it may be inferred by the jury from facts in evidence.

EXCEPTIONS from the Western District Court, WHITMAN J. presiding.

The action was case, for an injury alleged to have been sustained by the plaintiff to his person, horse and gig, through a defect in a highway and bridge in *Dixfield.* The bridge was over a brook under which the water was in depth about three feet. The planked part of the bridge was about twenty-four feet in length, and eighteen feet in width, and four and an half feet above the water. There was no railing or guards upon the bridge, nor had there been any. The whole testimony is given in the exception, and from it, it appears, that the plaintiff was found at the bridge, a little before sunset, and appeared to have been thrown into the brook, and that the gig went off the bridge. The tracks made by the wheels, and the appearances were particularly stated by the witnesses, but no one was with the plaintiff at the time, and it did not appear that any person saw him until after the injury. There was, therefore, no other evidence of careful conduct on the part of the plaintiff, than what might be inferred from the facts proved. The horse was proved to have been kind, well broken, and easily managed.

After the plaintiff had closed his testimony, the Judge ordered a nonsuit, and the plaintiff filed exceptions.

*Tenney* and *H. Belcher,* for the plaintiff, contended, that the nonsuit was erroneously ordered, being founded merely on a supposition that the evidence was not sufficient to warrant a jury in finding a verdict for the plaintiff, and not on account of any legal objections to the maintenance of the action. It was a mere ques-

Foster *v.* Dixfield.

tion as to the weight of evidence, of which the jury were the exclusive judges. The plaintiff must satisfy them that he made use of proper care, but this may be inferred from other facts. It is not the province of the Judge, but of the jury, to draw inferences from facts. By ordering a nonsuit, the plaintiff was deprived of his right of appeal. They cited *Wilkinson* v. *Scott,* 17 *Mass. R.* 249; *Sanford* v. *Emery,* 2 *Greenl.* 5; *Perley* v. *Little,* 3 *Greenl.* 97; *Leighton* v. *Manson,* 2 *Shepl.* 213.

*Wells,* for the defendants, contended, that the Judge has the right to order a nonsuit in all cases where the plaintiff, from his own showing, has not made out a case to entitle him to a verdict. *Perley* v. *Little,* 3 *Greenl.* 97; *Smith* v. *Frye,* 14 *Maine R.* 457.

But here was an entire absence of all proof, that the plaintiff had made use of proper care on his part. This the plaintiff is bound to prove, and where he fails to do it, it is for the court to say that he has not supported his action, and to direct a nonsuit. If the town was in fault in neglecting to place a railing on the bridge, still they are not liable, if the accident happened through the negligence of the plaintiff, or the viciousness of his horse. The burthen of proof is on the plaintiff, to show due care. *Adams* v. *Carlisle,* 21 *Pick.* 146; *Howard* v. *North Bridgwater,* 16 *Pick.* 189; *Lane* v. *Cromwell,* 12 *Pick.* 177; *Farnum* v. *Concord,* 2 *N. H. Rep.* 392; *Wood* v. *Waterville,* 4 *Mass. R.* 422; *Mayhew* v. *Boyce,* 1 *Stark. Cas.* 423.

The opinion of the Court was drawn up by

WESTON C. J. — We are of opinion, that the presiding Judge should not have ordered a nonsuit in this case; but that it should have been submitted to the jury. The evidence, arising from the wheel tracks, indicate that the horse had become unmanageable. It is against all experience, that a man in his senses should have had any voluntary agency in the business.

It is contended, that the plaintiff is bound affirmatively, to prove due care on his part. It may well be doubted, whether this should be required in all cases. If direct and positive proof to this effect is essential, a party who sustains an injury, by reason of a defect

in the highway, when alone, or when the transaction was witnessed by no other eye, would be without remedy.

It is in proof, that the horse was usually kind. The condition of the road and the bridge was fully presented to the eye of the traveler. The want of railing on the bridge could not fail to admonish the plaintiff, that care was necessary for his own safety. In the absence of all opposing proof, it may not be too much to infer care from common experience, when essential to personal security. The erratic and dangerous movement of the carriage, it may be presumed the plaintiff would have prevented, if he could. It would be most unreasonable to suppose, that he voluntarily encountered the hazard, for the sake of a remedy against the town, in which he cannot by law recover any thing beyond the actual damage. It is a question proper for the consideration of a jury, upon the evidence reported.

*Exceptions sustained.*